Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Scott M. Grace (SBN 236621)
sgrace@lawlh.com
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Blvd.
San Diego, CA 92107
Phone: (619) 346-4612
Fax: (619) 923-3661

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL CHAMPY,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PROFESSIONAL COLLECTION CONSULTANTS, a Corporation,<br><br>　　　　　　Defendant | Case No:  **'12CV2761 MMA DHB**<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Paul Champy, (hereinafter "Plaintiff") for Professional Collection Consultants' (hereinafter "Defendant") violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692, et seq*. (hereinafter "FDCPA")[1] the Rosenthal Fair Debt Collection Practices Act, *California Civil Code § 1788 et seq*. (hereinafter "the Rosenthal Act")[2] , which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

---

[1] All undesignated section references to §1692 are to the FDCPA
[2] All undesignated section references to §1788 are to the Rosenthal Act

**JURISDICTION AND VENUE**

3.     Jurisdiction arises pursuant to *28 U.S.C. § 1391, 1337, 15 U.S.C. §1692(k)(d),* and *28 U.S.C.§1367* for supplemental state claims.

4.     Venue is proper in this Court pursuant to *28 U.S.C. § 1391.*

**THE PARTIES**

5.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff allege on personal knowledge.

6.     Plaintiff is a natural person residing in San Diego, California, and is a consumer within the meaning of *§ 1692a(3)* of the FDCPA in that he is a natural person purportedly obligated to pay a credit card debt, owed to Chase Bank USA, (hereinafter "Debt") and a "debtor" as that term is defined by *§ 1788.2(h)* of the Rosenthal Act.

7.     At all times relevant herein, Defendant, was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by *§1692a(5)* of the FDCPA, and consumer debts as defined by *§ 1788.2(f)* of the Rosenthal Act. Defendant regularly attempts to collect debts as previously defined and alleged to be due another and is therefore a debt collector within the meaning of *§ 1692a(6)* of the FDCPA and *§1788.2(c)* of the Rosenthal Act. Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, and the Southern District of California. This Court has personal jurisdiction over Defendant for purposes of this action.

**FACTUAL ALLEGATIONS**

8.     At all times herein, Defendant, was attempting to collect, from Plaintiff, a debt as defined by *§1692a (5)* of the FDCPA.

9.     At all times herein, Defendant, was attempting to collect, from Plaintiff, a consumer debt as defined by *§ 1788.2(f)* of the Rosenthal Act.

10.    On January 17, 2012, Defendant filed suit against Plaintiff in the Superior Court of California, San Diego County in the cause captioned as <u>Professional Collection Consultants v. Paul Champy</u>; Case No.: 37-2012-90838-CL-CL-CTL, (hereinafter "SCA") attached hereto, marked

Exhibit "A" and incorporated by reference herein.

11. These were a communications within the meaning of *§1692a(2)* of the FDCPA.

12. Chase Manhattan Bank (USA), N.A., was at all relevant times, a national banking association with its principal offices located at: 200 White Clay Center Drive, Newark, Delaware 19711.

13. Plaintiff is informed and believes, and thereon alleges, that the Visa Credit Agreement between Plaintiff and Chase Manhattan Bank (USA), N.A., states in relevant part as follows:

> **Law That Applies. The laws of the United States of America and the State of Delaware apply to this Agreement and to your use of your Card, your Checks, and your Account.**

14. The Delaware statute of limitations for breach of a credit card agreement is three years. See, *10 Del. Code § 8106*; *Resurgence Financial, LLC v. Chambers*, 173 Cal. App. 4th Supp. 1 (Cal. Super. Ct. 2009).

15. Defendants' claims against Plaintiff accrued more than three years prior to the filing of the SCA. See, e.g., *McCollough v. Johnson, Rodenberg & Lauinger*, 610 F. Supp. 2d 1247 (D. Mont. 2009); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001); *Beattie v. D.M Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991); *Kimber v. Fed Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987)

16. Plaintiff is informed and believes, and thereon alleges, that Defendant misrepresented the legal status of the debt in that the debt was beyond the applicable statute of limitations and that Defendant attempted to collect a debt that was barred by the applicable statute of limitations.

17. Presuming without conceding Defendant raises the bona fide error defense under *§ 1692k(c)* of the FDCPA, it does not apply to incorrect legal interpretations. See, *Jerman v. Carlisle, Mcnellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1624 (2010).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant misrepresented the amount of the debt by misstated the legal rate of interest.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law.

20. Because Defendant violated certain portions of the FDCPA as these portions are incorporated by reference in the Rosenthal Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

21. Due to Defendants' actions Plaintiff suffered further actual damages in the form of attorneys' fees and costs incurred in having to hire counsel and to defend against Defendant's untimely collection lawsuit.

22. At numerous times within the past year Defendant called Plaintiff at work after it had been told that Plaintiff was not allowed to receive calls at work. Additionally it threatened him that he could get arrested and go to jail and that it would garnish his wages. Defendant called Plaintiff repeatedly at home as much as 40 times.

23. Defendant's conduct upset Plaintiff. By calling him repeatedly and continuously with the intent to annoy, abuse and/or harass Defendant caused him stress, anxiety, loss of sleep, headaches and resulted in overall diminished abilities to carry on his activities of daily living. He couldn't focus, concentrate at work, or sleep throughout the night. He started to feel as if he was being watched and was fearful and distracted. He took over the counter medication. He couldn't eat. He was humiliated and couldn't face his family.

24. Due to Defendants' actions Plaintiff suffered actual damages in the form of mental anguish including but not limited to: nervousness, stress, anxiety, sadness, irritability, restlessness, and embarrassment, all impacting his personal and professional relationships.

**FIRST CLAIM FOR RELEIF**

**(Violations of the FDCPA)**

25. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the preceding paragraphs.

26. Defendants violated the FDCPA. The violations include, but are not limited to, the following:

    (1) using misrepresentations or means in connection with the collection a the debt, by means of the previously mentioned SCA, in violation of *§§ 1692e, 1692e(2)(A), and 1692e(10)* of the FDCPA;

    (2) attempting to collect an amount which was not expressly authorized by agreement or permitted by law, by means of the previously mentioned SCA, in violation of *§ 1692f(1)* of the FDCPA

    (3) making false representations or implication that nonpayment of the debt will result in arrest and imprisonment, when such action would not be lawful, by means of the above mentioned notices and/or phone calls, in violation of *§§ 1692e(4)* of the FDCPA;

    (4) threatening to take legal action that cannot legally be taken by garnishment of wages for a debt that was beyond the statute of limitations by means of the above mentioned phone calls, in violation of *§§ 1692e(5)* of the FDCPA;

27. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## **SECOND CLAIM FOR RELEIF**

### **(Claim for violations of the Rosenthal Act)**

28. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs preceding the First Claim for Relief.

29. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to *§1788.17*. Defendant's violations of *§ 1788.17* of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in the above First Claim for Relief.

30. Defendant's acts and omissions also violated *§ 1788.10(e)* the Rosenthal Act by making threats that nonpayment of the debt will result in the garnishment or attachment of the debtor's wages, when such action would not be permitted by law or was not in fact contemplated by the debt collector.

31. Plaintiff is entitled to statutory damages of $1000.00 under *§1788.30(b)* for Defendant violations, as enumerated above, of *§1788.10(e)*.

32. Pursuant to *§1788.32,* the remedies provided under *§§1788.30(b)* and *1788.17* are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

33.     Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *§ 1788.30(b)* of the Rosenthal Act.

34.     Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

35.     As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

1. An award of actual damages pursuant to *§ 1692k(a)(1)* of the FDCPA and *§ 1788.30(a)* of the Rosenthal Act;

2. An award of statutory damages of $1,000.00 pursuant to *§1692k(a)(2)(A)* of the FDCPA;

3. An award of statutory damages of $1,000.00 pursuant to *§1788.30(b)* of the Rosenthal Act for violation of *§ 1788.17* of the Rosenthal Act[3];

4. Award of statutory damages of $1000.00 pursuant to *§ 1788.30(b)* of the Rosenthal Act; for violation of *§ 1788.10(e)* of the Rosenthal Act

5. An award of costs of litigation and reasonable attorney's fees, pursuant to *§1692k (a) (3)* of the FDCPA and *§ 1788.30(c)* of the Rosenthal Act;

6. Such other and further relief this court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

36.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                      Lester & Associates

Dated  November 14, 2012
                                      */s/ Patric A. Lester*
By Patric A. Lester
Attorney for Plaintiff,
Paul Champy

---

[3] *§§ 1692k(a)(2)(A) of the FDCPA.*